# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MARCI MARKWART, an individual

      Plaintiff,

v.                             Case No:  2:13-cv-186-FtM-38DNF

UNITED PARCEL SERVICE, INC.,

      Defendant.

_____/

## ORDER[1]

      This matter comes before the Court on the Defendant, United Parcel Service, Inc.'s (UPS) Motion to Dismiss the Plaintiff's Complaint (Doc. #12) filed on May 17, 2013.  The Plaintiff filed her Response in Opposition (Doc. # 16) on June 14, 2013.  The Motion to Dismiss if fully briefed and ripe for the Court's review.

## FACTS

      The Plaintiff was hired by UPS on September 6, 2006, and was promoted to PTPCA Supervisor of the UPS location in Naples, Florida in March of 2008. (Doc. # 1, ¶ 9).  Plaintiff is no longer employed by UPS. (Doc. # 1, ¶¶ 9, 24).  The Plaintiff states that she has cronic depression and severe stress disorder.  The Plaintiff was out of work on short term disability leave beginning in January, 2011 and received short term

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

disability benefits until August 20, 2011. (Doc. # 1, ¶¶ 15, 40).  She claims she tried to return to work in or around August 8, 2011, but that UPS denied her request for an accommodation to a certain shift. (Doc. # 1, ¶ 19). The Plaintiff alleges UPS would not allow her to return to the less stressful evening shift but instead placed her on a more stressful shift.  (Doc. # 1, ¶¶ 17, 18).

The Plaintiff did not return to work after that.  The Plaintiff states she wanted to return to work at UPS, but was denied an accommodation pursuant to the ADA. (Doc. # 1, ¶ 18).

UPS maintains a leave policy which states that an employee will be administratively separated from employment after twelve (12) months of leave. (Doc. # 1, ¶ 13).  On August 16, 2011, the Plaintiff filed a Charge of Discrimination with the United States EEOC. (Doc. # ¶ 21).  Two months later and after written correspondence between Plaintiff's Counsel and UPS, UPS indicated that it needed medical documentation to substantiate the Plaintiff's disability and needs for accommodation. (Doc. # 1, ¶ 22).   The Plaintiff was terminated on or around January 27, 2012, for being absent from work for over twelve (12) months. (Doc. # 1, ¶ 24).

On March 8, 2013, Plaintiff filed a multi-count Complaint (Doc. # 1) against UPS, claiming disability discrimination under the Americans with Disabilities Act (ADA) (Count I), disability discrimination under the Florida Civil Rights Act (FCRA) (Count II), breach of fiduciary duty under the Employee Retirement Income Security Act, 29 U.S.C. § 1132 ("ERISA") (Count III) and a claim for monetary benefits under ERISA (Count IV).

<u>Standard of Review</u>

In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher

v Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).   However, dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).   While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of actions elements. Bell Atlantic, 550 U.S. 544, 561- 563.

To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. Id. at 555; Swierkiewicz v. Sorema N.A., 534 U.S.  506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).   Although the pleading standard announced in Fed R. Civ. P. 8 does not require "detailed factual allegations," it does demand more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F. 3d 1252, 1268 (11th Cir. 2009) (citing Ascroft v. Iqbal, ----- U.S.----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868  (2009).   Furthermore, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Sinaltrainal, 578 F. 3d at 1268 (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)).   The facts as pled must state a claim for relief that is plausible on its face. Sinaltrainal, 578 F. 3d at 1268 (citing Iqbal, 129 S. Ct. at 1950).   Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive

legal issue which precludes relief. Simplexgrinnell, L.P. v. Ghiran, 2007 WL 2480352 (M.D. Fla. August 29, 2007) (citing  Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Brown v. Crawford County, Georgia, 960 F.2d 1002, 1009-1010 (11th Cir. 1992).

## Discussion

The Defendant argues that Counts I and II should be dismissed because the Plaintiff has not alleged facts that support her claim that she is a qualified individual with a disability.  The Defendant further argues that Counts III and IV should be dismissed because they are prohibited under ERISA.  The Plaintiff states the Motion should be denied since she has established that she is a qualified individual under the ADA and meets the pleading requirements of ERISA.

### Whether Counts I and II Should be Dismissed[2]

Count I alleges the Defendant violated the ADA because she was at all times relevant an individual with a disability and the Defendant denied her a reasonable accommodation by refusing to change her work schedule and as a result she suffered a negative employment action.  Likewise, in Count II the Plaintiff claims the Defendant violated the Florida Civil Rights Act-Disability Discrimination (FCRA) for the same reasons.  The Defendant argues that the Plaintiff failed to state a claim under the ADA and the FCRA because she is not a qualified individual under the terms of the relevant statutes.

---

[2] Because federal case law is applicable to claims arising under the Florida Civil Rights Act ("FCRA"), Plaintiff's claims under the ADA and the FCRA will be analyzed together. Moore v. Hillsborough County Bd. of County Comm'rs, 544 F. Supp. 2d 1291, 1299 (M.D. Fla. 2008).

To state a *prima facie* case of discrimination in violation of the ADA, the Plaintiff must allege and establish that she: (1) is disabled; (2) is a qualified individual; and (3) was subjected to unlawful discrimination because of the disability. Corning v. LodgeNet Interactive Corp., 896 F.Supp.2d 1138, 1144 (M.D.Fla.,2012) (citing Greenberg, 498 F.3d at 1263; Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th Cir.2004); Cash v. Smith, 231 F. 3d 1301, 1305 (11th Cir. 2000); Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir.1999). The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (2008).

The Defendant acknowledges that the Plaintiff has pleaded that she suffers from the disability of chronic depression and severe stress disorder, however; the Defendant states the Plaintiff is not a qualified individual under the ADA. Specifically, the Defendant states that attendance at her employment was an essential function of the Plaintiff's job and she did not fulfill that essential function because she did not show up for work for a twelve (12) month period of time.   The Plaintiff argues that the Defendant's policy that terminates an employ that misses twelve (12) months of work under the company's twelve (12) month leave requirement is an impermissible qualification standard that violates the ADA and not an essential function of her job.

"Essential functions" consist of the fundamental job duties of the employment position an individual with a disability performs. 29 C.F.R. § 1630 .2(n)(1). A function may be essential, for instance, where the reason the position exists is to perform that function. 29 C.F.R. § 1630.2(n)(2)(i).   Evidence of whether a particular function is

essential includes, but is not limited to: (i) the employer's judgment as to which functions are essential; (ii) written job descriptions prepared before advertising or interviewing applicants for the job; (iii) the amount of time spent on the job performing the function; (iv) the consequences of not requiring the incumbent to perform the function; (v) the terms of a collective bargaining agreement; (vi) the work experience of past incumbents in the job; and/or (vii) the current work experience of incumbents in similar jobs. 29 C.F.R. § 1630.2(n)(3). Although determining the essential functions of a position may be a fact-intensive inquiry, an ADA plaintiff "ultimately must shoulder the burden of establishing that [she] was able to perform all 'essential functions' of [her] position, at summary judgment," and the employee bears the burden of adducing competent evidence from which a rational fact finder could find in her favor. Mattingly v. University of South Florida Bd. of Trustees, 2013 WL 1099804 *5 (M.D. Fla. March 13, 2013) (citing Laurin v. Providence Hosp., 150 F.3d 52, 59 (1st Cir.1998)).  In determining the essential functions of a position, the ADA dictates "consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." Rodgers v. Time Customer Service, Inc., 2011 WL 2160296 *6 (M.D. Fla. May 5, 2011) (citing 42 U.S .C. § 12111(8); 29 C.F.R. § 1630.2(n)(3)(i), (ii)).

The Plaintiff was a supervisor in her previous position with UPS.  Due to her job responsibilities it is not unreasonable for the Defendant to require her attendance at her job given that supervising her employees would require her to be present.  Thus, attendance in this instance must be considered an essential function of the Plaintiff's

job.   However, the Plaintiff alleges that she attempted to return to work but was prevented by UPS' failure to make an accommodation—keeping her on the less stressful night shift—under the ADA.   The Plaintiff states that by refusing to return her to the less stressful shift, and scheduling her on a more stressful shift, the Defendant subjected her to unlawful discrimination due to her disability.

A reasonable accommodation consists of modifications or adjustments to the work environment, or to the manner or circumstances under which the position held is customarily performed, that enable a qualified individual with a disability to perform the essential functions of the position. 29 C.F.R. § 1630.2(o)(1)(ii). To reasonably accommodate a qualified individual, an employer may make existing facilities used by employees readily accessible to and usable by individuals with disabilities and provide job restructuring, part-time or modified work schedules, acquisition or modifications of equipment or devices, and adjustment or modifications of policies. 29 C.F.R. § 1630.2(o)(2)(i)-(ii). Where the plaintiff cannot demonstrate a reasonable accommodation, "the employer's lack of investigation into reasonable accommodation is unimportant." Rodgers v. Time Customer Service, Inc.,  WL 2160296 *4 -5 (M.D. Fla. May 5, 2011) (citing Willis v. Conopco, Inc., 108 F.3d 282, 285 (11th Cir.1997)).

If a reasonable accommodation can be demonstrated by the plaintiff, the failure to make reasonable accommodations to the known physical limitations of an otherwise qualified individual constitutes discrimination, except where the employer can show the accommodation would impose an undue hardship upon the operation of its business. Rodgers, WL 2160296 at *4 -5 (citing 42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9). A qualified individual is not, however, entitled to the accommodation of his choice, but

rather to a *reasonable* accommodation. <u>Rodgers</u>, WL 2160296 at *4 -5 (citing <u>Stewart v. Happy Herman's Cheshire Bridge, Inc.</u>, 117 F.3d 1278, 1286 (11th Cir.1997)(emphasis in original).

Although the Court finds that attendance at her employment is an essential function of her job, the issue of whether or not the Defendant offered the Plaintiff a reasonable accommodation under the ADA or refused to make a reasonable accommodation is not resolved by the Motion to Dismiss.  Therefore, the Motion to Dismiss Counts I and II is due to be denied.

<u>Whether ERISA Counts III and IV should be Dismissed</u>

The Defendant states that Count III should be dismissed as a claim for breach of fiduciary duty because a claim for breach of fiduciary duty is an equitable relief and is not permitted where the Plaintiff also brings a claim for monetary benefits.  The Plaintiff argues that she must also plead an alternative claim for equitable relief under U.S.C. §1132(a)(3)ERISA and a claim under ERISA 29 U.S.C. § 1132(a)(1)(b) in Count IV of the Complaint because the Defendant seeks to dismiss her benefits claim.

a. *Whether Count III Should be Dismissed*

Where an ERISA plaintiff has an adequate remedy under 29 U.S.C. Sec. 1132(a)(1)(b), an ERISA plaintiff cannot alternatively plead and proceed under 29 U.S.C. Sec. 1132(a)(3). <u>Williams v. Hartford Life and Acc. Ins. Co.</u>, 2010 WL 557265 * 13 (M.D. Fla. February 12, 2010) (citing <u>Katz v. Comprehensive Plan of Group Ins.</u>, 197 F.3d 1084, 1088 (11th Cir.1999) (affirming dismissal where plaintiff sought benefits under Sec. 1132(1)(1)(b)); <u>Jones v. American General Life and Accident Insurance Co.</u>,

370 F.3d 1065 (11th Cir.2004). Therefore the Court grants Defendant's Motion to Dismiss as a matter of law as to Count III of the Complaint.

b. *Whether Count IV Should be Dismissed*

The Defendant alleges that Count IV should be dismissed because the Plaintiff failed to allege sufficient facts showing that she exhausted her administrative remedies. The Defendant continues that if the Plaintiff had sufficiently provided facts demonstrating that she exhausted her administrative remedies it would be apparent that the statute of limitations on her ERASA claim had expired. The Plaintiff argues that she satisfied the requirements of Fed. R. Civ. P. 8 by alleging that she did exhaust her administrative remedies.

The Eleventh Circuit is committed to the proposition that "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." Smith v. Williams,  819 F.Supp.2d 1264, 1269 -1270 (M.D. Fla.,2011) (*citing* Counts v. Am. Gen. Life & Accident Ins. Co.*,* 111 F.3d 105, 108 (11th Cir.1997)); *see also* Kahane v. UNUM Life Ins. Co. of Am.*,* 563 F.3d 1210, 1214 (11th Cir.2009); *Lanfear v. Home Depot, Inc.,* 536 F.3d 1217, 1223–24 (11th Cir.2008); Bickley v. Caremark RX, Inc.*,* 461 F.3d 1325, 1328 (11th Cir.2006); Watts v. BellSouth Telecomms., Inc.*,* 316 F.3d 1203, 1207 (11th Cir.2003); Perrino v. S. Bell Tel. & Tel.*,* 209 F.3d 1309, 1315 (11th Cir.2000); *V*ariety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*,* 57 F.3d 1040, 1042 (11th Cir.1995). The administrative exhaustion requirement is not found in the ERISA statute itself; rather, "it is a court-imposed, policy-based requirement first recognized by this Circuit in Mason v. Continental Group, Inc.,[763 F.2d 1219, 1226-1227 (11th Cir. 1985)]." Watts*,* 316 F.3d at 1207. Because of several important policy

rationales, the Eleventh Circuit "strictly enforce[s] an exhaustion requirement on plaintiffs bringing ERISA claims in federal court with certain caveats reserved for exceptional circumstances." Perrino, 209 F.3d at 1315. The Eleventh Circuit extends the obligation to exhaust administrative remedies to claims of breach of fiduciary duties imposed by ERISA itself as well as claims for benefits described in the Plan. Lanfear, 536 F.3d at 1224–25; Bickley, 461 F.3d at 1328 n. 6 (declining to reconsider circuit precedent); Perrino, 209 F.3d at 1316 n. 6; Mason v. Cont'l Grp., Inc., 763 F.2d 1219, 1226–27 (11th Cir.1985).

However, at this point in the proceedings it is too early to dismiss based upon the Defendant's allegations that the Plaintiff failed to describe the steps taken to fulfill the administrative exhaustion requirements. Under Fed. R. Civ. P. 9(c), satisfaction of a condition precedent need only be alleged generally. Smith, 819 F.Supp.2d at 1270. Here, the Plaintiff alleges that she administratively exhausted her claim, therefore; the Motion to Dismiss Count IV is due to be denied.

Accordingly, it is now **ORDERED:**

The Defendant, United Parcel Service, Inc.'s (UPS) Motion to Dismiss the Plaintiff's Complaint (Doc. #12) is **GRANTED in part and DENIED in part**.

The Motion to Dismiss Count III of the Plaintiff's ERISA claim is due to be **GRANTED**.  The Motion to Dismiss Counts I, II, and IV is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of July, 2013.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies:  All Parties of Record